UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JHJ, INC., ET AL. | CIVIL ACTION NO. |
| VERSUS | 14-440-JWD-EWD |
| GREAT MIDWEST INSURANCE COMPANY, ET AL. | |

### RULING ON MOTION TO COMPEL DISCOVERY RESPONSES

Before the court is a Motion to Compel Discovery Responses (the "Motion"), filed by defendants Great Midwest Insurance Company ("GMIC"), Bunker Hill Insurance Agency, Inc. (now known as HIIG Underwriters Agency, Inc.)("HIIG") and TRISTAR Risk Enterprise Management, Inc. ("TRISTAR")(collectively GMIC, HIIG and TRISTAR are "Defendants").[1] The Motion is not opposed. For the reasons that follow, the Motion is **GRANTED IN PART**.

### I.  Background

Plaintiffs, JHJ, Inc., Baker Piggly Wiggly, Lafayette Piggly Wiggly, Lafayette Foods and THG Enterprises (collectively "Piggly Wiggly") originally filed this suit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, alleging damages arising out of Defendants' failure to adequately investigate an insurance claim for a slip and fall accident that occurred at one of Piggly Wiggly's store locations.[2] The case was removed to this court on March 7, 2014. A Partial Scheduling Order was originally entered on June 12, 2014, to permit the parties to file dispositive motions on an insurance policy provision.[3] The assigned magistrate judge was requested to conduct a new scheduling conference following a denial of Defendants' Motion for

---

[1] R. Doc. 37.
[2] R. Doc. 1-1.
[3] R. Doc. 8.

Summary Judgment on the policy issue.[4] A scheduling conference was held on May 5, 2016 and a Scheduling Order issued.[5]  A four-day jury trial is set in this matter to being on February 21, 2017.[6]

Defendants' filed this Motion on June 30, 2016.  The Motion alleges that Defendants propounded Interrogatories and Requests for Production of Documents (the "Original Requests") upon Piggly Wiggly on May 16, 2014 but that the Piggly Wiggly's Answers to Interrogatories 2, 8 and 16 were incomplete or nonresponsive.  The Motion further alleges that Defendants propounded Supplemental Interrogatories and Requests for Production of Documents (the "Supplemental Requests") upon Piggly Wiggly on May 12, 2016 and Plaintiffs failed to object or respond to the Supplemental Requests.  The Motion certifies that, at a May 17, 2016 discovery conference under Fed.R.Civ.P. 37(a)(1), Piggly Wiggly's counsel agreed to provide full and complete responses to the Original Requests and Supplemental Requests, however, Piggly Wiggly's counsel failed to do so despite repeated attempts by Defendants' counsel to follow up. Defendants seek to compel responses to the Original Request within five days of an order granting the Motion, as well as attorney fees and costs associated with preparing the Motion.[7]

## II. Law and Analysis

Fed.R.Civ.P. 37, which governs motion to compel discovery, provides in pertinent part:

**(a) Motion for an Order Compelling Disclosure or Discovery**

(1) *In General*.  On notice to other parties and all affected person, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

---

[4] R. Doc. 29.
[5] R. Doc. 36
[6] *Id.*
[7] R. Doc. 37-1.

(3) *Specific Motions*.

\*   \*   \*

(B)   *To Compel Discovery Response*.  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if:

\*   \*   \*

(iii)   a party fails to answer an interrogatory submitted under Rule 33

\*   \*   \*

(4) *Evasive or Incomplete Disclosure, Answer, or Response*.  For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(5) *Payment of Expenses; Protective Orders*.

(A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing)*.  If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated them motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
   (i)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
   (ii)   the opposing party's nondisclosure, response, or objection was substantially justified; or
   (iii)   other circumstances make an aware of expenses unjust.

\*   \*   \*

(C) *If the Motion Is Granted in Part and Denied in Part*.  If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and

3

may, after giving an opportunity to be heard, apportion reasonable expenses for the motion.

Defendants allege they did not receive adequate responses to Interrogatory Nos. 2, 8 and 16 of the Original Requests, propounded to Piggly Wiggly on May 16, 2014—almost two (2) years ago. Fed.R.Civ.P. 37(a)(4) provides that an evasive or incomplete answer is to be treated as a failure to respond.

### INTERROGATORY NO. 2:

Please state with specificity each item or element of damage that you allege you are entitle to payment for as a result of the Incident:

(1) A complete description of said element of damage;
(2) The value or cost that you allege said item or element of damage is worth;
(3) The identify of any document, that you base your valuation of each item of element of damage;
(4) How said element of damage was calculated;

RESPONSE:

Plaintiff objects to this Interrogatory in that it is premature and the investigation into this matter is ongoing. Subject to the objection: See plaintiff's Petition for Damages filed on January 13, 2014.[8]

### INTERROGATORY NO.8:

Please list any and all insurance claims made by you or against you (including lawsuits), regardless of the alleged cause of loss, since January 1, 2004, including but not limited to:

(1)   the alleged cause of loss giving rise to the claim;
(2)   identification of the policy that said claim was made under including insurer, policy number, effective dates of the policy and claim number;
(3)   whether said claim has been resolved;
(4)   if resolved, the method of resolution, i.e. judgment, settlement;
(5)   the amount of money you received as a result of the resolution.

---

[8] R. Doc. 37-3 at 2.

4

RESPONSE:

Plaintiff objects to this Interrogatory in that it is impossible and overly burdensome for plaintiff to recall each and every insurance claim made by or against them.[9]

**INTERROGATORY NO. 16:**

Please list and explain your role in the claim of Ms. Lajuanna Blake, including your role in the admission of liability, the settlement of the claim of Ms. Lajuanna Blake. Your response should include whether or not you were informed of the alleged settlement, whether or not you were involved in the decision to enter into the alleged settlement, and whether or not you consented to the alleged settlement.

RESPONSE:

Ms. Satawa immediately reported the incident to Great Midwest upon receipt of an attorney representation letter. She received an acknowledgment letter from Bunker Hill on June 29, 2010. She never had any communication with Brad Huff. She was not involved in the settlement process and was never notified of any settlement. It was not until she received the insurance renewal estimate that she learned of the settlement with Ms. Blake.[10]

Defendants further allege they did not receive any responses to the Supplemental Requests, propounded to Piggly Wiggly on May 12, 2016. This Motion was filed on June 30, 2016 and contains the requisite certification under Fed.R.Civ.P. 37(a)(1) that Defendants attempted to confer and resolve this issue prior to seeking court intervention.[11] Piggly Wiggly has not asserted any opposition to this Motion. Accordingly, the Motion must be granted, however, rather than the five

---

[9] *Id.* at 4.

[10] *Id.* at 7.

[11] The court notes that the date of the conference, May 19, 2016, was actually only a week after the Supplemental Requests were propounded, which is shorter than the time period permitted for responses to interrogatories or requests for production under Fed.R.Civ.P. 33(b)(2) and 34(b)(2)(A), respectively. Defendants' counsel has represented to this court, however, that Piggly Wiggly's counsel promised responses to both the Original Requests and Supplemental Requests at the May 19, 2016 conference, but has not provided them and the Motion was filed after Piggly Wiggly's responses to the Supplemental Requests would have been due under the Federal Rules of Civil Procedure. Additionally, Piggly Wiggly has not opposed the Motion.

(5) days requested in the Motion for Piggly Wiggly to respond, Piggly Wiggly shall have fourteen (14) days from the date of this Order

Fed.R.Civ.P. 37(a)(5)(A) provides that when a motion to compel is granted, the court must require payment of movant's reasonable fees incurred in making the motion, including attorney's fees, unless one of the enumerated circumstances exist. Fed.R.Civ.P. 37(a)(5)(A) provides that when a motion to compel is only granted in part, the court may apportion the reasonable expenses for the motion. Piggly Wiggly did not oppose this motion and there is nothing in the record to indicate Piggly Wiggly has provided sufficient responses to Interrogatory Nos. 2, 8, and 16 of the Original Requests or any responses for the Supplemental Requests, despite representations from Piggly Wiggly's counsel that it would do so. The only requested relief denied is that Piggly Wiggly will be given fourteen (14) days, instead of the requested five (5) days, to provide these responses. The court finds that expenses associated with this Motion should be apportioned to Piggly Wiggly and that $300.00 is reasonable under these circumstances.

### III.   Conclusion

For the foregoing reasons, the Motion to Compel Discovery Responses is **GRANTED IN PART**.

**IT IS HEREBY ORDERED** that JHJ, Inc., Baker Piggly Wiggly, Lafayette Piggly Wiggly, Lafayette Foods and THG Enterprises shall fully respond to Interrogatories 2, 8 and 16, propounded to them on May 16, 2014, and respond to the discovery requests propounded to them on May 12, 2016, within fourteen (14) days of the date of this Order.

**IT IS FURTHER ORDERED** that JHJ, Inc., Baker Piggly Wiggly, Lafayette Piggly Wiggly, Lafayette Foods and THG Enterprises are ordered to pay to Great Midwest Insurance Company, Bunker Hill Insurance Agency, Inc. (now known as HIIG Underwriters Agency, Inc.),

and TRISTAR Risk Enterprise Management, Inc., through their counsel of record, the sum of $300.00, no later than fourteen (14) days from the date of this Order.

Signed in Baton Rouge, Louisiana, on July 28, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**